Slip Op. 18 - 93

U.S. STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>                    Plaintiff,<br><br>           v.<br><br>MARIOLA INTERNATIONAL COMPANY,<br><br>                    Defendant. | Before: Leo M. Gordon, Judge<br><br>Court No. 17-00047 |

**OPINION**

[Plaintiff's motion for default judgment granted.]

Dated: August 3, 2018

Jason M. Kenner, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. With him on the brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel were Drew Stevens, Senior Attorney, Office of Associate Chief Counsel, U.S. Customs and Border Protection, of Miami, FL, and Laura C. Hils, Attorney-Advisor, Office of Chief Counsel, Alcohol and Tobacco Tax and Trade Bureau, of Cincinnati, OH.

Gordon, Judge:  Before the court is the USCIT Rule 55(b) motion of Plaintiff United States ("Government") for default judgment in the amount of $854,005.12, a sum certain, plus pre- and post-judgment interest, and costs, against Defendant Mariola International Company ("Mariola") for the recovery of unpaid federal excise taxes ("FETs") pursuant to Section 592(d) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592(d), and 28 U.S.C. § 1582(3) (2012).[1] See Pl.'s Mot. for Entry of Default J., ECF No. 15 ("Pl.'s Mot."); see also

---

[1] FETs are considered customs duties for purposes of jurisdiction of the court. See United States v. Maverick Mktg., LLC, 42 CIT ___, 2018 WL 3246116 (July 3, 2018).

Compl., ECF No. 2. Defendant failed to answer the complaint, respond to Plaintiff's motion for default judgment, or otherwise appear in this action. Accordingly, the court grants Plaintiff's motion for default judgment and awards the United States $854,005.12.

Additionally, the Government seeks pre-judgment interest. The award of pre-judgment interest lies within the sound discretion of the court based on considerations of equity and fairness. See United States v. Goodman, 6 CIT 132, 140, 572 F. Supp. 1284, 1289 (1983). In exercising its discretion, the court considers whether the Government has delayed in assessing and collecting duties. See United States v. Ford Motor Co., 31 CIT 1178, 1181 (2007). Here, the Government has prosecuted its claim without delay and repeatedly made formal demands on Mariola for payment. See Compl. ¶ 15. Consequently, equity favors the award of pre-judgment interest. See Goodman, 6 CIT at 140, 572 F. Supp. at 1289 (pre-judgment interest intended to make Government whole for what effectively amounts to interest-free loan to defendant).

Pre-judgment interest typically runs from the date of the Government's last formal demand for payment. See Ford Motor Co., 31 CIT at 1182 n.3. However, because Mariola executed a statute of limitations waiver in exchange for the Government's continued consideration of the matter, see Compl. ¶ 3 & Ex. A, the "earliest equitable date from which to compute pre-judgment interest" is the date of the summons in this action, March 15, 2017. See United States v. NYCC 1959 Inc., 40 CIT ___, ___, 182 F. Supp. 3d 1346, 1349 n.5 (2016); Summons, ECF No. 1. Accordingly, the court awards Plaintiff pre-judgment interest from March 15, 2017 to the date of entry of the judgment, at the rate provided in 26 U.S.C. § 6621.

The court also awards the Government post-judgment interest pursuant to 28 U.S.C. § 1961. See United States v. Chavez, 41 CIT ___, ___, 2017 WL 4546775 at *4 (Oct. 10, 2017). As to costs, USCIT Rule 55(b) provides for an award of costs upon entry of a default judgment when a plaintiff's claim is for a sum certain against a defendant who defaulted by not appearing and is neither a minor nor incompetent. Because the Plaintiff seeks a sum certain and there is no question as to the status of Defendant, the court awards costs to Plaintiff.

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion for default judgment is granted; it is further

**ORDERED** that judgment is entered for Plaintiff against Defendant Mariola for unpaid FETs on the subject merchandise in the amount of $854,005.12; it is further

**ORDERED** that Plaintiff is awarded pre-judgment interest on $854,005.12, accruing since March 15, 2017, the date of the summons, to the date of entry of the judgment, at a rate calculated in accordance with 26 U.S.C. § 6621; it is further

**ORDERED** that Plaintiff is awarded post-judgment interest, accruing as of the date of entry of the judgment, at a rate calculated in accordance with 28 U.S.C. § 1961; and it is further

**ORDERED** that Plaintiff is awarded costs as permitted by law.

                                                                 /s/ Leo M. Gordon
                                                                 Judge Leo M. Gordon

Dated: August 3, 2018
      New York, New York